

# The Attorney General of Texas

August 13, 1981

**MARK WHITE**
**Attorney General**

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Paul Dean Aikin
Colonel, Selective Service System
Texas State Director
P.O. Box 5218
Austin, Texas   78763

Opinion No. MW-360

Re:  Whether elected officials
of the State of Texas, or any
of its counties or cities, are
prohibited from serving as
Local Selective Service Board
Members

Dear Mr. Aikin:

You have requested our opinion as to whether elected state, county and city officials may serve as local board members of the Selective Service System. The federal government recently re-established such boards and placed them in stand-by status, in the event a military draft is again imposed. You ask whether elected state and local officials may be appointed to fill the approximately 690 positions on local boards in Texas.

Article 16, section 12 of the Texas Constitution provides:

> No member of Congress, nor person holding or exercising any office of profit or trust, under the United States, or either of them, or under any foreign power, shall be eligible as a member of the Legislature, or hold or exercise any office of profit or trust under this State.

In 1967, article 16, section 33, which theretofore had included prohibitions similar to those of article 16, section 12, was amended, in part, by adding the following:

> It is further provided...if authorized by the Legislature by general law under such restrictions and limitations as the Legislature may prescribe, that a non-elective State officer or employee may hold other non-elective offices or positions of honor, trust, or profit under this State or the United States, if the other offices or positions are of benefit to the State of Texas or are required by State or federal law, and there is no

conflict with the original office or position for
which he receives salary or compensation.

Attorney General Opinion M-193 (1968) held that this language served
impliedly to amend article 16, section 12, by creating an exception
tor non-elective state officers in certain circumstances.   In 1969,
the Legislature implemented these provisions by adopting article
6252-9a, V.T.C.S.  See also Attorney General Opinion M-997 (1971).   In
1972, the exception was, without significant change of language,
removed from article 16, section 33, and inserted in article 16,
section 40.  Although it continues to furnish an exception to article
16, section 12, it is not applicable to the present inquiry concerning
elected officials; the full prohibition of article 16, section 12,
remains in effect for such individuals.

The question is thus whether a member of a local draft board
holds an "office or profit or trust under the United States."
Although local board members may be reimbursed for travel expenses,
the position is declared by federal regulation to be "uncompensated."
32 C.F.R. §1603.3.  Furthermore, the position is created by federal
law, and board members are appointed by the President.   50 U.S.C.
§460.  Thus, the position is not "one of profit," but it is held
"under the United States."  Accordingly, we need determine only
whether local board membership constitutes an "office of trust."

A number of earlier Attorney General opinions have held that
positions which are essentially advisory are not offices of honor or
trust for purposes of article 16, section 12.  See, e.g., Attorney
General Opinions 0-5341 (president of local chapter of American Red
Cross), 0-5314 (1943) (advisory board for selective service
registrants); 0-4313 (1942) (Alien Enemy Hearing Board is merely a
fact finding and advisory body, which neither makes nor enforces
decisions).  On the other hand, certain positions require an exercise
of a portion of the tederal sovereignty, and thus should be deemed
offices of honor or trust.  See, e.g., Attorney General Opinions
0-5232, 0-5107 (1943) (public member of the Regional War Labor Board);
0-2226, 0-2226-A (1940) (member of local community committee of the
Agricultural Adjustment Administration).

In Attorney General Opinion WW-201 (1957), this office said that
a member of a joint board appointed by the federal Interstate Commerce
Commission held an office of honor or trust under the United States
and, as such, could not simultaneously be paid as an employee of the
Railroad Commission.  That opinion was specifically overruled in
Attorney General Opinion C-527 (1965), which noted that service
performed on a joint board involved "research, advice and
recommendations for orders to be officially promulgated and enforced
by the ICC."  Decision making and enforcement of orders were retained
by the Commission.  In such circumstances, the opinion held that a
member of a joint board had not been delegated any portion of the
federal sovereignty, and thus, could not reasonably be said to occupy
an office or position of honor or trust under the United States.  The

opinion emphasized that there was little legal distinction between "office under the United States" and "office or position of honor or trust." The key, for purposes of article 16, section 12, was whether the individual had been delegated "some of the sovereign functions of the United States Government."

We believe it is clear that members of local draft boards have been delegated a portion of the federal sovereignty. 50 U.S.C. §460(b)(3) provides, in pertinent part:

> Such local boards, or separate panels thereof each consisting of three or more members, shall, under rules and regulations prescribed by the President, have the power within the respective jurisdictions of such local boards to hear and determine, subject to the right of appeal to the appeal boards herein authorized, all questions or claims with respect to inclusion for, or exemption or deferment from, training and service under this title, of all individuals within the jurisdiction of such local boards. The decisions of such local board shall be final, except where an appeal is authorized and is taken in accordance with such rules and regulations as the President may prescribe. (Emphasis added.)

By the clear language of this statute, it is apparent that members of local draft boards have been delegated "some of the sovereign functions of the United States Government," and therefore, occupy offices of trust under the United States. See also Attorney General Opinion O-5550 (1943). Accordingly, elected state, county and city officials are prohibited by article 16, section 12 of the Texas Constitution from serving as local board members of the Selective Service System.

## S U M M A R Y

Elected state, county and city officials are prohibited by article 16, section 12 of the Texas Constitution from serving as local board members of the Selective Service System.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Jim Moellinger